## CIRCUIT COURT OF FAIRFAX COUNTY

Neurology Services, Inc.

v.

Eagle Investment and
Financial Corp., et al.

Case No. (Law) 90784

Peter G. Bernad

v.

Jerry A. Moore

Case No. (Law) 90785

Peter G. Bernad

v.

Eagle Investment and
Financial Corp., et al.

Cases No. (Law) 90786, 90787, 90788

Peter G. Bernad

v.

Eagle Investment
and Financial Corp., et al.

Case No. (Chancery) 111369

July 12, 1989

By JUDGE JOHANNA L. FITZPATRICK

This matter is before the Court on Defendant Jerry Moore's (Moore) Demurrer to each of the above-styled cases. Since many issues are identical, the cases will be addressed together. For the reasons set forth below the Demurrer is overruled in each case.

Moore argues that the Motion for Judgment wrongfully asserts personal liability under the Virginia Securities Act, the 1950 Code of Virginia § 13.1-501, *et seq.*, since the promissory note at issue does not qualify as a security as defined in the Act. However, under Virginia Code Section 13.1-501(A), the definition of security does encompass a note in this context. (The Code defines security to mean "any note . . . [or] evidence of indebtedness . . . .") The Court is in agreement with the decision of the State Corporation Commission of Virginia ("SCC") which has examined this very question and concluded that a promissory note is a security for purposes of the Virginia Securities Act. *See Commonwealth of Virginia, ex rel. State Corporation Commission v. Fusion Energy Foundation, Inc., et al.*, Case No. SEC 870013 (March 4, 1987). In that case, the Commission determined that the economic reality test analysis is not always necessary to determine whether every instrument qualifies as a security. The SCC concluded that so long as there is sufficient evidence to find that the notes possess all the usual characteristics of interest-bearing notes and bears out their labels, it should be concluded they qualify as securities. The solicitation there, as well as in this case, could be characterized as an agreement to invest in companies through the mechanism of a promissory note. Accordingly, the Demurrer is overruled on this ground.

Moore has also demurred on the ground that the Motion for Judgment fails to allege any acts done by him personally which would subject him to personal liability. In those

cases where the transaction in question occurred while the corporation was intact (i.e., L90784 and L90788), the Motion for Judgment sufficiently pleads the elements of Virginia Code § 13.1-522(C) which provides for personal liability of every person "who directly or indirectly controls a person liable under Subsection A or B of Section 13.1-522, including every partner, officer, or director of such a person." Therefore, the Demurrer is overruled.

In those cases where the transaction in question occurred when the corporation was dissolved (i.e., L90785, L90786, L90787, and C111369), the Motion for Judgment adequately alleges personal liability of Moore since it states that Moore continued to actively carry on the business affairs of Eagle Investment during the period of dissolution. The Virginia Supreme Court held in *McLean Bank v. Nelson*, 232 Va. 420, 350 S.E.2d 651 (1986), that under Virginia corporate law, persons who act on behalf of a dissolved corporation can be held personally liable for their acts, *id.* at 427, 350 S.E.2d at 656. The court noted that it is the corporate form which provides limited liability, and without it, personal liability exists. Once the corporation is dissolved, any act by the officers or directors, including continuing to transact the business of the corporation, creates personal liability. Although corporate liability may be reinstated when the corporation is reinstated, the officers or directors are not relieved of their personal liability for acts during that dissolution period. *In accord, Moore v. Occupational Safety & Health Review Commission*, 591 F.2d 991 (4th Cir. 1979). Since the Motion for Judgment adequately alleges Moore continued the business of the corporation during the period of dissolution, it has properly alleged grounds for his personal liability. Accordingly, this ground for demurrer is overruled.

In L90788, Moore argues that Count V which alleges violations of the Virginia Securities Act fails to allege his personal liability for unregistered brokering. The Court concludes that the Motion for Judgment adequately alleges such liability under the statute by alleging Moore was an officer and director who knew or should have known of the fraudulent misrepresentations and brokering activities of his fellow officer and director. This allegation is sufficient to establish liability under § 13.1-522(C).

Finally, Moore argues that plaintiff's claims are inconsistently pled, and such contradictory factual allegations should not be allowed. This Court disagrees. Plaintiffs are permitted under Virginia Supreme Court Rule 1:4(k) and Virginia Code § 8.01-281 to plead facts and theories in the alternative so long as they sufficiently state separate claims. Further, to the extent that the allegations sufficiently state statutory liability under several separate theories, the Court concludes that they are not inconsistent.